IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO.: 7:01-906 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| JACOB CLEO HUNTER, III, | ) | <u>ORDER TRANSFERRING</u> |
| Defendant. | ) | <u>JURISDICTION</u> |

The Government has charged defendant with two violent crimes. Defendant is alleged to have committed two bank robberies, one on May 30, 2001, and the other on November 21, 2001, by assaulting and putting the life of other persons in jeopardy through the use of a dangerous device or weapon.

On November 21, 2001, defendant was ordered to be admitted to the Federal Medical Facility in Butner, North Carolina, for a psychiatric examination pursuant to the Order of the Honorable William M. Catoe, Jr., United States Magistrate Judge. At the conclusion of the examination, defendant's treating physicians found him to be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings filed against him or assist properly in his own defense. Pursuant to the supplemental Orders of United States Magistrate Catoe, the time period for completion of the psychiatric evaluation was extended for an additional period of time.

On March 5, 2003, the Warden of the Federal Medical Center at Butner issued a letter opining that defendant is suffering from a mental disease or defect which renders him mentally

1

incompetent to understand the nature and consequences of the proceedings filed against him and that defendant is unable to properly assist in his own defense. Warden Beeler further opined that defendant's competency would not be restored in the foreseeable future.

On July 22, 2003, this Court pursuant to 18 U.S.C. § 4241(d), ordered that the defendant be returned to the Federal Medical Center in Butner, North Carolina, for an additional reasonable period of time until his mental condition improves such that the trial may proceed. It was also ordered that by the 15th day of each month the treating physician provide monthly reports to this Court regarding defendant's progress and treatment. Further, it was ordered that if at the end of this additional period of evaluation the treating physician determined defendant would not attain competency within the foreseeable future, this Court would schedule a hearing for indefinite commitment pursuant to 18 U.S.C. § 4246.

A Risk Panel was convened pursuant to 18 U.S.C. § 4246 on June 14, 2003, at the federal institution in Butner, North Carolina. The panel members came to the conclusion that while the defendant is incompetent, his condition did not meet the criteria for commitment pursuant to the provisions of 18 U.S.C. § 4246 because there was no convincing evidence that he posed a substantial risk of injury to another or serious risk of damage to the property of another as the result of a mental disease or defect. The Butner Risk Panel concluded that the defendant's dangerous propensities do not meet the criteria for commitment. The panel based its determination of the defendant's lack of danger at least in part on the defendant's mother's statement that the defendant had never harmed an individual.

A § 4246 hearing was held on October 29, 2004, at which time this Court found the defendant incompetent to stand trial. The danger assessment of the Butner Risk Panel was taken

under advisement.

After considering the defendant's criminal history, the forensic evaluation reports and the dangerousness assessment of the Butner Risk Panel, the Court was unconvinced that the defendant's danger does not manifest itself as a result of his mental illness. The Court weighed all evidence available and found the defendant to be suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another.

On November 17, 2004, this Court issued an Order pursuant to 18 § 4246(d) committing the defendant to the custody of the Attorney General of the United States ordering the Attorney General to release the defendant to an appropriate official of the State of South Carolina who shall assume responsibility for his custody, care and treatment.

This Court also ordered that if after reasonable efforts, the State of South Carolina declines to assume the responsibility for the defendant, the Attorney General shall hospitalize the defendant in a suitable treatment facility until the State of South Carolina will assume such responsibility or until the defendant's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to the property of another; whichever is earlier.

The Court is informed that the defendant is currently confined at FMC Butner, a medical facility of the Bureau of Prisons within the jurisdiction of the Eastern District of North Carolina.

The indefinite commitment process requires semi-annual review of the commitment, conditional release and revocation proceedings. Thus, the Eastern District of North Carolina is better

3

suited to administer this matter, and adjudicate any and all judicial proceedings.

   THEREFORE, IT IS ORDERED:

   That the case of United States v. Jacob Hunter, Cr. No. 01-906, shall be and is hereby transferred to the Eastern District of North Carolina.

   IT IS SO ORDERED.

                s/ G. ROSS ANDERSON, JR.
                United States District Judge

Anderson, South Carolina
April 28, 2005